Joycelyn Elders, M.D., Director Arkansas Department of Health 4815 West Markham Little Rock, AR 72205
Dear Dr. Elders:
This is in response to your letter in which you ask for an official opinion concerning the following question:
 Whether Arkansas state agency laboratories (specifically, public health laboratories such as the blood alcohol laboratory) must now be certified by the Secretary of Health and Human Services in light of the 1988 Amendment to the Clinical Laboratory Improvement Act of 1967.
It is the opinion of this Office that the answer to your question is yes. The Clinical Laboratory Improvement Act of 1967 (as codified in 42 U.S.C. § 263(a)(b) specifically provided as follows:
 No person may solicit or accept in interstate commerce, directly or indirectly, any specimen for laboratory examination or other laboratory procedures, unless there is in effect a license for such laboratory issued by the secretary under this section applicable to such procedures.
Interstate commerce was defined in the 1967 Act as follows:
 42 U.S.C. § 263(a)(2). The term "interstate commerce" means trade, traffic, commerce, transportation, transmission, or communication between any state or possession of the United States, the Commonwealth of Puerto Rico, or the District of Columbia, and any place outside thereof, or within the District of Columbia.
Under the 1988 Amendment to that section of the law, subparagraph (b) as referred to above, was amended to delete the requirement that specimens must be received through interstate commerce in order to require certification of the laboratory. The new amendment provides as follows:
 42 U.S.C. § 263(a)(b). Certificate requirement. No person may solicit or accept materials derived from the human body for laboratory examination or other procedures unless there is in effect for the laboratory a certificate issued by the secretary under this section applicable to the category of examination or procedure which includes such examination or procedure.
However, the new amendment does provide for a waiver of certification by the secretary. 42 U.S.C. § 263(a)(d)(2) provides as follows:
 Requirements for certificates of waiver. (A) In general. A laboratory which only performs laboratory examinations and procedures described in paragraph (3) shall be issued a certificate of waiver or have its certificate of waiver renewed if:
(i) the laboratory submits an application —
 (I) in such form and manner as the secretary shall prescribe, and
 (II) that describes the characteristics of the laboratory examinations and other procedures performed by the laboratory, including the number and types of laboratory examinations and other procedures performed, the methodologies for laboratory examinations and other procedures employed, and the qualifications (educational background, training, and experience) of the personnel directing and supervising the laboratory in performing the laboratory examinations and other procedures, and
 (III) that contains such other information as the secretary may reasonably require to determine compliance with this section, and
(ii) the laboratory agrees to make records available and submit reports to the secretary as required.
Paragraph 3 of 42 U.S.C. § 263(a)(d) provides as follows:
 (3) Examinations and procedures. The examinations and procedures identified in paragraph (2) are simple laboratory examinations and procedures which, as determined by the secretary, have an insignificant risk of an erroneous result, including those which:
 (A) have been approved by the Food and Drug Administration for home use,
 (B) employ methodologies that are so simple and accurate as to render the likelihood of erroneous results negligible, or
 (C) the secretary has determined pose no reasonable risk of harm to the patient if performed incorrectly.
Attached to this opinion is 42 CFR 74 et seq. which outlines the certification process. These regulations have not been updated since the new amendment at least as of June 28, 1990. 42 CFR 74.2 specifically refers to "interstate commerce" which the statute has now omitted. However, presumably the licensure process would be the same under 42 CFR 74.10(a) which requires that an application be submitted to the Director of the Centers for Disease Control, Public Health Service, Department of Health and Human Services. 42 CFR 74.30, under subpart D, provides for the personnel standards which must be satisfied under the application of the Act to State laboratories. Also attached is an outline of the changes made by the 1988 amendment as found in 17 Fed. Proc. L. Ed. Supp. 42:349 — 42:361.
Thus, it appears the 1988 amendment to the Clinical Laboratory Improvement Act of 1967 requires that State laboratories would now have to be certified under this Act.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Rick D. Hogan.
Sincerely,
RON FIELDS Attorney General
RF:arb